May it please the Court, my name is John Magnuson. I represent the 10 adult children of Robert Bernardine Irkins along with Mr. Mock. He represents them in what I've called the collection or the execution proceeding. I represent them in the proceeding giving rise to this appeal. I know the day is long. The Court's read the pleadings, the Court's read the briefs, the submissions. We've got a complaint that, as presently noted by Your Honor, asserted the claim period was invoked. Why isn't this whole second complaint barred by res judicata? Assuming that, I mean, you got a final judgment in that first case, and if you could have asserted claims for conversion or for claim and delivery or for abuse of process after, by you, I don't mean you personally, but I mean the children, if after intervening in the enforcement proceeding, they could have asserted claims that you asserted in this later case, why wouldn't it be res judicata? In order to answer that question, you obviously have to look at what the principles of res judicata are, and it has to be a claim that you could have asserted. And if you could have asserted them. The question is, why couldn't it be asserted? This was the only procedural remedy available to the Erkner's children in the underlying action, the collection action, was to try and assert a third-party claim under 11-203. That action Okay. Once you've intervened, and the Court granted intervention, and you're in that suit, and you can make a claim of exemption, and that's in that, to try to block that claim, which the Court rejected, why can't you file a complaint in that action for, like, have your pleadings in addition assert a claim for conversion? Well, the interesting thing about it is because that's an action that's already gone to trial, gone to judgment, on appeal to the Second Circuit, on appeal by a petition for cert to the United States Supreme Court, and now it's propositioned that the Erkner's children are to intervene under 11-203 to assert a third-party claim, and yet they are to make counterclaims against the judgment creditor of their plaintiffs in an action that's been reduced to judgment and is on appeal, and assert third-party claims presumably against Stolreves and Mr. Higer, who are not even parties to the action. There's no procedural mechanism, Your Honor, and I respectfully submit that's why 11-203 provides that it is not in derogation of the common law rights that are retained by the third-party creditor. You're in a court of general jurisdiction, aren't you? Yes. Okay, so in that court, you've intervened in the enforcement action. I'm not understanding, I don't know the intricacies of Idaho procedure, and that's why I'm asking to get light shed on this, but why at that time counsel for the Erkner's couldn't also assert a claim for conversion? I don't think... They can bring in third parties if they want. I mean, once you're an intervener, you're a party. Well, Reyes-Giudicato would apply if it's an available procedural remedy, but I don't believe it's an available procedural remedy in a case that's been reduced to judgment. That's the issue. Granted, Your Honor, if I could find a case that was remotely resembling such a beast, you know, I'd have it in front of you, as with many of these other instances under the Idaho exemption statute. Do you have any authority that bringing a claim for conversion congruent with the intervention in the earlier action was not an available remedy under Idaho procedure? And to answer that question, the treatises that have been, I've been able to find that are cited in the brief, say that typically you elect a remedy. You don't typically do both. You file a third-party claim or you have your common law rights, because essentially they're intended to give you the same thing. And once you've elected a remedy, generally you're stuck with what you've got. You can't file it for, in this case, have the Erkner's children timely filed within the 14 days of third-party claim, had that been litigated in an evidentiary hearing before the judge, had he said, I've heard all the evidence and you don't own it, then they can't go off and file a conversion claim because they've elected the remedies. But to prove up your conversion claim, you have to prove that the taking was wrongful. The taking or an appropriation of the property was wrongful. Wrongful. But the court, the district court has previously ruled expressly that it wasn't wrongful. Because the marshals acted pursuant to law, everybody followed all the Idaho procedures. When do you claim that the conversion began? So you are re-litigating this case. If I may answer that one first, because I'll lose where I'm at. That's okay. But I think it's related to Judge Wardlaw's question. It is related to, but let's It is not a re-litigation. And it is not a re-litigation for either purposes of race, judicata, or collateral estoppel. If you look at, as I've had all morning to learn about immigration law and to keep reading the record, if you look at the judge's decision from which this appeal, from in the collection proceeding, he notes what are the two issues. The two issues are whether or not they received notice and whether or not they gave oral notice of their claim. He's attempting to get into 11-203. All he finds is that you didn't make a timely claim. Okay, except in race judicata, we'd be looking at what claims could have been, but not just what was brought, but what could have been brought. And then we're full circle to the election of remedies. You can assert a third-party claim, and if you take that route and you prove up on your claim, well, then you have a remedy and you don't have a conversion claim. If you take that route and the judge says you don't own the property, you lose. You can't go out. You then race judicata would apply. But if you file an untimely third-party claim that is essentially a legal nullity, what is the difference between doing that and never filing one at all, which is a remedy that they would have had available to them? They could have gone off, ignored 11-203, filed a conversion action just like the one we filed, and we wouldn't be here today because that would be a colorable, viable claim against which race judicata or collateral estoppel could not be interposed. The only distinction here is you filed a claim of exemption that was untimely, I argue, a nullity, and therefore, we're going to stick it on you on the claim of exemption, and we're going to tell you that's race judicata and collateral estoppel on your alternative remedy. You go home, Mr. Mock's right, 14 days, statute of limitations, never to be heard from again, and you have no remedy. And essentially, because your brother's in the house and you're 1,000 miles away, and he doesn't get the written notice, but because he's your brother and he's there, you've got constructive notice when the statute says written notice. You've got constructive notice, and you've gotten a judicial imprimatur on a taking of their property. It offends all notions of due process. Let me just back up, because that's already been rolled on. But is it contested at all in this case that the children pledge the artwork as security for their parents' litigation costs in the other proceeding? And it's an interesting question. For purposes of this proceeding, that's not contested. And there are several other facts that I don't want to go over. But to me, that fact and the fact that as a matter of law, the seizure of that property was not wrongful, means that you can't state a claim as a matter of law for any of these state law torts. You're making an argument that... I'm not making an argument. Well, you're... I apologize. You're setting forth a hypothetical or, in your view... No, I'm saying, it's uncontested this artwork was pledged. And in that, well, uncontested that it was pledged, the second half of the sentence is Mr. McCabe, Mr. Reinhart's partner, said during the conversation, as evident by the record, that this is a paper-only transaction, kids, and you've got to belly up to the bar and help your parents out and help them get across the goal line. But this is paper-only meant to comply with certain unstated Idaho rules and statutes. You know, the proposition was advanced in the other appeal that none of the children gave notice of their third-party claim on June 22. The judgment creditor knew of it for 14 years before. Mr. McCabe got the list from the children, from the Erkin's parents, that identified the children's pain. This folly is that they actually knew of this interest. For purposes of this litigation, that must be presumed to be a verity. They knew of it, and they didn't tell the marshal. The court posits the proposition that, well, the marshal did everything that was correct, and the judge below in this case or in the collection case said that's an appropriate seizure. You know, you're absolutely right. If the creditor lies to the marshal, the marshal has followed procedure, and the marshal, it's appropriate and informed. But that should not be construed to deprive you of the right to do so. But let me ask you this. What case in Idaho best supports your proposition that after the writ of execution has been levied, the property taken allows a claim for conversion in that situation? Again, the wonderful world of living in a small state that doesn't have obtuse issues litigated with great regularity. My only authority for that is 11-203-sub-F. Actually, there's a case called Easily Transfer versus Smith. Right. But it's not exactly remotely analogous, because that's the one you understand. It kind of talks about a conversion action after there's been property acquired after a written execution has been levied. And that case was addressed below, but it's really perhaps not of as much help when you get into the facts as one might otherwise hope for. One other question that I have for you. The district court judge declined to remand the case back to Idaho's state district court on the grounds that there was a failure to state any kind of claim against the Reeves-Stoll partner. Is that right? That's correct. What's wrong with that ruling? Well, what's wrong with that ruling is that he essentially said it's two-part. Number one, you can't assert a claim against any of these parties because it's raised judicata and collateral estoppel, which I've argued to you it's not. Well, assuming that it isn't. Then assuming that it isn't, this is the tort of conversion, as you've noted. Conversion allows for joint and several liability for any active participant who participates in any method, manner, degree in creating an indivisible damage. We have alleged it has to be assumed in the 12b-6 motion as a verity that Mr. Higer had the list of paintings that the Erkins gave to Mr. McCabe 14 years before, because it was faxed based on Mr. Higer's billing records, faxed to an outside entity for a quote on the paintings, and they couldn't know what the paintings in the house were on the day that it was faxed because they hadn't been there with the U.S. Marshal. Can a lawyer act on instructions from their client to enforce a formal judgment using a statutory procedure without the lawyer being liable for conversion? You say the lawyer can be liable, that a lawyer who is hired to enforce a judgment from a federal court in New York and who takes it and registers it and then follows a statutory enforcement procedure in Idaho can be liable for conversion. We don't know that to be the case. If that is the case and one is blissfully ignorant and has been lied to by his client and has no other available means of obtaining actually constructed notes, if this is actually true and he's lily white, then you're right, Your Honor, but we can't resolve that just because that was not resolved here, nor can it be resolved on this record. The question, in fact, persists, is that he had the list. All right. Thank you, counsel. Thank you. We'll hear from, I guess, Mr. Sinclair. Thank you. In addressing that very last point, the Court did address that under the order of report and recommendation on page 15. This is part of volume 2 of the excerpts of records at page 127. And the Court pointed out that my partner, Dale Heider, received this list from actually a guy named Neil Klausner in New York City who had brought the action against the Erkins for the collection of the attorney's fees. And it said the list had been apparently produced by defendants to their counsel in a lawsuit in which part of a series of transactional occurrences given rise to the present action. We got that piece of paper and said, this is a list of personal property. We sent it to the marshal. There was nothing on that piece of paper that said anything about children having any interest in that property. And the Court found that we, Mr. Heider, did not know that there was any interest in children at the time that he asked to notice. The notice was given. That was in the other case. Right. Not in this case. Right. In this case, on the jurisdictional issues, there has to be the face of the complaint on 12b-6, right? Right. Well, yes. We asked whether or not they state a claim. Not totally. What do we ask? Okay. Okay. Two things. 12b-6, yes. But on fraudulent joinder, no.  Fraudulent joinder. That's just a, that's, you know, that's a, that's a, that's a, that's a, that's a, that's You know, that's just a term of art that we've used. It's only a term of art and all it really means is you don't have, you don't have a claim of action against the party that you've added. Under no, under no basis under Idaho law. That's right. Let me ask you this. Under Idaho, Idaho law, does it preclude a claim against an attorney who assists in taking property? Sure. When you've got a court. Where, what case? Well. I'll have to give it because we didn't cite that. We have a court order that says we can proceed with the execution and says that there children have no claim to the property. All we did was proceeded according to a court order that was in our possession. And we can be held legally liable following a court order. Well, let's say that allows you to take possession of the property, but they're still demanding return of it after you get it. And you. They can easily stop that. All they have to do is file their bond. File their supersedious bond and they stop all proceedings. But what they want to do is somehow stay the underlying case without filing a bond by sending us a letter saying don't sell the property. There's a basis for staying an underlying case. You file your supersedious bond. If you don't, then we are legally allowed to proceed. And we did. You acquired the property and you sold it. We had the U.S. marshal seize the property pursuant to the statute. The marshal never would have seized that property without your instructions. Certainly not. We filed an execution action. We had a judgment. So what you're saying is if we get a letter from somebody saying somebody else is claiming interest in that property, you can't do anything, even though you go forward and have a hearing with the court as to whether that third party has a claim. The court says the third party doesn't have a claim. And we still can't proceed because the third party still claims they have an interest. Well, I'm still wondering. I just would like to know if there's a case that supports it. It's clear under Idaho law that no possible claim could ever be stated against a lawyer in this situation. That's basically the test under fraudulent enjoyment. The case that we cited, and it's not Idaho. It's the Henry case, which I think was in, I have to look, Mississippi or something. Henry v. Farm City States Bank, Seventh Circuit. And that case basically tied in with the rest due to caught up argument. And that's where there was a foreclosure by the bank. They foreclosed it. Later they sued everybody that was involved in that foreclosure, including the attorney for the bank, for conversion and everything else. And of course, the rest due to caught up, you can't do that. That's already been. Let me move on to another topic that concerns me here. In the third party proceedings or in the exemption proceedings in the district, in the U.S. district court, the district court essentially says your claim is too late. You didn't file a claim. Right. Okay. So the statute does seem to suggest that there are common law remedies available when one does, when the third party proceedings are not available. True. Okay. So they try to file a tort claim and it gets tossed out. And then what happens in the third party proceedings is used against them in the common law conversion claim. Nobody here has ever decided definitively who owns this property. The only reason that wasn't decided. And that strikes me as fundamentally unfair, to be honest with you.  The court said in its recommendation, the magistrate said in its recommendation, there's evidence on both sides and I've had an evidentiary hearing, but I don't need to decide that, which all courts do that. If they have a basis upon which to enter a decision, they don't make the other decisions that could be made beyond that. I understand that, but no decision was made. No decision was made. No, he did make a decision. He made a decision. He said it was not timely. That's correct. And that was. And so they can't avail themselves of the third party procedure or this claim of exemption procedure. He said, no, you're out on that. Right. Under the statute, they still, that does not preclude them from asserting their top, their common law remedies, which Idaho law does recognize common law remedies in this situation. But they would have had to assert them because they were all.  They filed a claim for conversion in Idaho state court. You can't do it in a separate claim. You cannot do it in a separate claim. That's what restitute a cause is all about. Let me ask you this. This claim was reduced to judgment in, out of a proceeding in the Southern District of New York. The original. The original proceeding. It's gone to judgment. That's not. It's judgment. And that judgment was recorded in the Idaho United States District Court. Correct. As a domestic judgment. Correct. Okay. All that was taking place in the Idaho District Court, the U.S. District Court in Idaho, was a collection proceeding to collect the judgment. Correct. Where in, where, give me a statute or a Federal rule of civil procedure that would allow the children to intervene in that judgment and file essentially a conversion action for damages. Well, they. A return of property. Where, where, where, where, how would one do that? There are two rules, 19 and 20. Both of them allow you to intervene. One for missing, one's as of right. They got granted both. But that's. Before. This is, this is, this judgment. This has been reduced to a judgment. All we have is a judgment. That doesn't affect their property. The judgment doesn't affect their, their, their. I don't understand how they could possibly. Until they get to Idaho, their paintings aren't an issue. Their paintings are at their dad, at their parents' house. When they get to Idaho and we attach them now, they've got an issue. Until we get to the Idaho case, they're not even involved. They don't have anything to do with it. But once we attach these, these paintings, then they get involved. One of them was there. A husband of another child was there. All ten of them got notice that day from their parents as their declaration of state. They moved to intervene. Why did they move to intervene? Because they claimed that their property was wrongfully taken. They claimed and they intervened. They get granted the intervention. Once they're in the case, they have the obligation to bring any claims. But they're not in the case. They're only, they're only in the, they're only in the enforcement of judgment proceedings. And the, and for, and when the district court is enforcing a United States district court judgment, the district court looks to the enforcement of judgment proceedings under Idaho law. See, I respectfully disagree. Well, I'm not going to argue with you, but that's usually what happens. They're in the case. The reason they can remember the case. This case was proceeding in the United States district court, not in the Idaho state district court. There's a big difference. I guess I'm not sure of the difference there. The only reason this case is in the U.S. district court is because we filed it there and they couldn't move it back into the state court. I mean, I don't understand. You're talking about, you're talking about the judgment. You're talking, the judgment from New York was domesticated in the federal district court in Idaho. It was not domesticated in an Idaho state court, which it could have been under Idaho law. You went to U.S. district court. Correct. Just to enforce the judgment. Correct. I don't see, if you could explain to me, send me a statute or send me a case that would allow those children, the third parties, to file a, a, a case that would allow conversion action in U.S. district court. I'd like to see it. Okay. I'll do it. Let me, my question is related to Judge Piazza's question on procedure. When the children intervened in the enforcement action in the district court, correct? Correct. All right. Now, once they had done that, could they under, I guess we're talking about Idaho law diversity in a federal, could they have asserted their conversion claim in the federal enforcement action? Sure. I mean, what's, I'm, I'm, I'm, I'm having trouble with this because I can't figure out what would prevent them from doing it. They intervened. Absolutely. They're a party dependent now. In the enforcement action. Absolutely. And as a party to the enforcement action, they could assert one claim, that property that you grabbed is exempt, don't take it. Right. And they could, in addition, assert a claim for conversion. Absolutely. In fact, I think they have to under the rule because they all come out of the same nucleus of facts. Your position is that they don't insert it all in one case, then they're splitting their cause of action. That's right. So they lose that case and then they bring another case later. They lose that case and they try to bring another case later, but they can't bring another case. They have to assert it in the same case. And, and I think there's some, I mean, we're talking about res judicata, which I believe is applicable. The collateral estoppel would be applicable too because it's not. There's no binding in the, in the, by the district court on ownership. Okay. So by analogy, if I bring a case for personal injury because I was in an automobile accident and I wait four years to bring that and the statute's two years. So I go into court and the court throws me out and says, I'm sorry, it's a two-year statute of limitations. You're out. Okay. I'm going to file again. Now I'm going to bring a case for property damage. That's a four-year statute. So now I can bring the property damage case. I'm not barred by res judicata because it's a separate action. I don't think that follows. In fact, I know that doesn't follow, but that's what you're arguing. But there's no, but there's no finding. Where, where do you point to the district court's findings where he says, I find that the children did not own this property. In the statute of limitations analogy, they didn't find whether or not you injured the person. Well, we don't have a statute of limitations, a limitations analogy here. It's the same. Let me ask you this. Is the, is the 14-day period a statute of limitation? Sure it is. Okay. Well, I'm not sure how projective this is. Okay. We're going to, thank you, counsel. We'll take this under submission and figure out ourselves about this Idaho law and whether it could have been brought. So the case of Erkins versus Sol Reeves is, this one will be submitted. And we will hear Kivalina Relocation Planning Committee versus Tech Cominco. Each side in this case has 20 minutes per side. But I have to tell you, I thought this case could be submitted without oral argument. So if you don't need all 20 minutes, I'd advise you not to take. Thank you. Thank you. May it please the Court, my name is Cynthia Cooper. I'm with the law firm Landy Bennett Blumstein. We represent the northwest Arctic Borough, who
judges: Wardlaw, Gould, Paez